**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-17-01277-001-TUC-CKJ (DTF) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Moises Fernando Pasos-Valenzuela, | |
| Defendant. | |

The Court denies the Defendant's Motion for Expeditious Disposition of [] Existing Detainers Pursuant to the Interstate Agreement on Detainers (IADA). The motion refers to a Petition to Revoke Supervised Release (PRSR) and corresponding arrest warrant. Both were filed under seal in this case on August 20, 2021. Defendant seeks disposition so that he may participate in rehabilitation programs which are allegedly precluded because of the detainers.

The Defendant is confined in a state facility serving a state sentence imposed for an offense of conviction that formed the basis for the PRSR to revoke his supervised release and issuance of the warrant in this case. The Court denies his request to have its detainer executed and his supervised release violation adjudicated now by this Court so that he may serve the remainder of his state sentence and obtain conditions of confinement which are allegedly being denied him now due to the detainers.

The Interstate Agreement on Detainers ("IAD"), Arizona Revised Statutes ("A.R.S.") § 31-481 "is an interstate compact adopted by [Arizona], the federal

government and forty-seven other states to provide uniform standards for transferring prisoners incarcerated in one state (sending state) to a different state where there are outstanding charges pending against the prisoner (receiving state)." *State v. Almly*, 162 P.2d 680, 681 (Ariz. App. 2007) (citations omitted). "The purpose of the IADA is '[t]o implement the right to a speedy trial and to minimize the interference with a prisoner's treatment and rehabilitation.'" *Id.*, alterations in original. "A person who violates both federal and state law may not complain of the order in which he is tried or punished." *State v. Thornton*, 929 P.2d 676, 684 (Ariz. 1996), *citing Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir. 1950).

"The Supreme Court has stated that the [IADA], which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges, is inapplicable to probation or parole revocation detainers." *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008) (citing 18 U.S.C. A. App. § 2, Art. III(a)); *Carchman v. Nash*, 473 U.S. 716, 726 (1985)), *see also United States v. Roach*, 745 F.2d 1252, 1254 (9th Cir. 1984) (IADA does not apply to violations of probation or supervised release).

Defendant has no due process right to receive an immediate hearing on the supervised release revocation charge until the federal warrant is executed. *Romero*, 511 F.3d at 1284. Adjudication of Defendant's supervised release violation will commence upon the completion of the state sentence.

Dated this 19th day of July, 2024.

_____
Honorable Cindy K. Jorgenson
United States District Judge

- 2 -